UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| GREG DEARMAN, on behalf of himself and all others similarly situated,<br>        Plaintiff,<br>v.<br>COLLEGIATE HOUSING SERVICES, INC.,<br>        Defendant. | Case No. 5-17-cv-0057<br><br>COMPLAINT<br>(FLSA COLLECTIVE ACTION) |

Plaintiff, Greg Dearman ("Dearman" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, brings this collective action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant Collegiate Housing Services, Inc. ("CHS" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Dearman and those he seeks to represent are current and former Inspectors who CHS misclassified as exempt employees under the FLSA and did not pay overtime compensation.

## THE PARTIES

2. Dearman is an adult individual who is a resident of Charlotte, North Carolina.

3. CHS employed Dearman as an inspector from August 2010 to March 3, 2017.

4. Dearman files his written consent form as Exhibit A to this Complaint.

5. CHS is a foreign corporation registered and in good standing in the State of North Carolina since 2010.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. This Court has personal jurisdiction because Defendant conducts business in Iredell County, North Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Iredell County, North Carolina.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

14. CHS is a company that provides and manages student housing at learning institutions throughout the United States.

15. Dearman's primary job duty as an inspector was inspecting student housing to ensure compliance with CHS rules and regulations.

16. Dearman spent the majority of his working hours conducting inspections.

17. CHS paid Dearman on a salary basis until approximately November 2016. Thereafter, CHS paid Dearman on an hourly basis.

18. Dearman regularly worked in excess of forty (40) hours per week during his tenure with CHS.

19. Prior to changing Dearman's pay from salary to hourly, CHS did not pay Dearman an overtime premium for hours he worked in excess of forty (40) each workweek.

20. Prior to changing Dearman's pay from salary to hourly, CHS did not record or track the hours worked by Dearman.

21. Subsequent to changing Dearman's pay from salary to hourly, CHS implemented a "no overtime" rule for its inspectors. CHS did not, however, reduce or change the job duties and responsibilities for its inspectors.

22. At all relevant times, CHS had knowledge that Dearman regularly worked in excess of forty (40) hours per workweek and in fact regularly required him to do so by scheduling him for a 40-plus hour workweek and requiring him to be on-call to answer telephone calls and respond to emergencies during evenings and

weekends and requiring him to attend open houses during non-scheduled work hours.

23. Dearman regularly performed compensable work for CHS during the evenings and weekends, without pay, both before and after CHS changed his pay from salary to hourly.

24. Dearman regularly worked through his scheduled meal periods or experienced significant interruptions to his meal periods because of the work expectations placed on him by CHS. CHS did not have a system in place whereby Dearman could notify CHS of missed meal periods and thereby receive compensation for missed or interrupted meal periods.

25. Prior to changing Dearman's pay from salary to hourly, CHS misclassified Dearman as "exempt" from the overtime requirements of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

26. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

27. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claim on behalf of himself and similarly situated employees who have worked as inspectors (and/or individuals in any other

similarly titled position) and who elect to opt-in to this action ("Opt-in Plaintiffs).

28. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of CHS who were employed as inspectors (and/or individuals in any other similarly titled position), anytime during the three-year period preceding the filing of the Complaint in this action.

29. Consistent with Defendant's policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid overtime compensation for all hours worked beyond 40 per workweek.

30. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendant and Defendant has been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

31. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy, pattern and practice includes, but is not limited to, willfully failing to pay Plaintiff and Opt-in Plaintiffs premium overtime wages for all hours worked in excess of 40 hours per workweek.

32. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and Opt-in Plaintiffs overtime premiums for all hour worked in excess of 40 per workweek.

33. Plaintiff and Opt-in Plaintiffs perform or performed the same basic job duties, were paid pursuant to the same compensation scheme, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

34. Plaintiff and Opt-in Plaintiffs have each worked more than forty (40) hours in one or more workweeks within the applicable statutory period.

35. Defendant's unlawful conduct has been widespread, repeated, and consistent.

36. There are other similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

37. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

38. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant's conduct was willful in that it knew that it's payroll policies, practices and/or procedures were in violation of the FLSA or it showed reckless disregard to whether it's payroll policies, practices and/or procedures were in violation of the FLSA.

39. Plaintiff Greg Dearman requests that he be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

**(Violation of FLSA – Overtime Collective Action)**

40. Plaintiff incorporates by reference paragraphs 1-39 of his Complaint.

41. Defendant violated the FLSA by failing to pay Plaintiff and Opt-in Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

42. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and Opt-in Plaintiffs.

43. Defendant's violation of the FLSA was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

a) Order the Defendant to file with this Court and furnish to counsel for Plaintiffs a list of all names, telephone numbers, home addresses and email addresses of all inspectors, or any other similarly titled position, who have worked for Defendant within the last three years;

b) Authorize Plaintiff's counsel to issue notice at the earliest possible time to all inspectors, or any other similarly titled position, who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

 /s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr.,NCSB #50276

PHIL GIBBONS LAW, P.C.
15720 Brixham Hill Ave, Ste 331
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-Mail: phil@philgibbonslaw.com