UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Case No. 5:17-cv-00057

| | |
|---|---|
| GREG DEARMAN, | ) |
| Plaintiff, | ) ) ) **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND FACILITATE NOTICE PURSUANT TO 29 U.S.C. § 216 (B)** |
| v. | ) |
| COLLEGIATE HOUSING SERVICES, INC., | ) |
| Defendant. | ) |

Defendant Collegiate Housing Services, Inc. ("CHS"), by and through the undersigned counsel, hereby responds to Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice pursuant to 29 U.S.C. § 216(b) and respectfully requests the Court to deny Plaintiff's Motion for the reasons stated herein.

## ARGUMENT

The Court should deny Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice pursuant to 29 U.S.C. § 216(b) because Plaintiff has not shown that he and other CHS housing inspectors nationwide (hereinafter "potential plaintiffs") were similarly situated as required for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA").

Under the FLSA, a plaintiff may bring an action on behalf of himself and other employees, provided that the other employees are "*similarly situated*" to the plaintiff. *See* 29 U.S.C. § 216(b) (emphasis added). The Supreme Court has noted that § 216(b) is based on a theory of judicial economy, under which "[t]he judicial system benefits by *efficient resolution* in one proceeding of common issues of law and fact arising from the same alleged discriminatory

activity." *Hoffmann–LaRoche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Syria v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010).

Federal district courts in the Fourth Circuit typically follow a two-step approach in deciding whether a plaintiff is similarly situated to other potential plaintiffs for the purposes of certifying a collective action under the FLSA. *See e.g., Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013); *Butler v. DirectSAT USA, LLC,* 876 F. Supp. 2d 560, 566 (D.Md. 2012); *Syria*, 756 F. Supp. 2d at 686. Determinations of the appropriateness of conditional collective action certification and court-facilitated notice is also largely left to the court's discretion. *Syrja*, 756 F. Supp. 2d at 686.

At the first-step of the determination, the court makes an initial determination as to whether the plaintiff has demonstrated that potential class members are similarly situated such that court-facilitated notice to the putative class members would be appropriate.[1] *Syria*, 756 F. Supp. 2d at 686. When sufficient evidence in the record at the initial stage makes it clear that notice is not appropriate, a court can deny certification outright before ever proceeding to stage two. *Syrja*, 756 F. Supp. 2d at 686 (*citing Purdham v. Fairfax County Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). Specifically, "a court may determine that conditional certification is inappropriate where multiple claims cannot be adjudicated efficiently because they would require 'substantial individualized determinations for each class member.'" *Syrja*, 756 F. Supp. 2d at 686 (*citing Purdham*, 629 F. Supp. 2d at 54). For instance, courts have held that conditional certification is inappropriate because of a probable necessity of an individualized FLSA coverage determination

---

[1] The second stage of the determination, sometimes called the "decertification stage," is not before the court at this juncture. It comes after the conclusion of discovery, during which the court revisits the question of certification and engages in a more stringent inquiry before arriving at a final decision regarding the appropriateness of proceeding as a collective action. *Syria*, 756 F. Supp. 2d at 686. (*internal citations omitted*).

for each member of the potential class. *Purdham*, 629 F. Supp. 2d at 54. Courts have also found that conditional certification is not appropriate when adjudication would require inquiry into individual class members with different working conditions, such as different managers and schedules, across geographic locations. *See E.g. England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 511 (M.D. La. 2005) (conditional certification inappropriate where adjudication of a collective action would have required factual inquiries into employment relationships involving different managers at different geographic locations throughout the country, and where the court concluded that a finding of liability at one location would not necessarily lead to a finding of liability at another location); *Syrja*, 756 F. Supp. 2d at 687-88 (conditional certification not appropriate were certification would require the parties, the Court, and a jury to engage in an unmanageable assortment of individualized factual inquiries all across multiple geographic locations throughout the country, over different time periods, in offices run by different managers). Conditional certification is appropriate in instances where the class is well defined. *See Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 454 (M.D.N.C. 2015) (Conditional certification appropriate where proposed class consisted of "all customer service telephone operator employees who work or worked at Citi's Greensboro, North Carolina call center facility from March 22, 2009 through the present.")

Mere conclusory allegations are insufficient to make the required showing of commonality even under the relatively modest standard articulated for conditional certification. *Syrja*, 756 F. Supp. 2d at 687. *See also Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) (citation omitted). In *Bernard*, employees alleging overtime violations by a company with twenty (20) offices throughout fifteen states failed to show that the employees outside the company's two Virginia offices were similarity situated *Bernard*, 231 F. Supp. 2d at 436. The

proffered declarations were from employees in the two offices in Virginia and amounted to nothing more than generalized personal observations about the company's alleged general policies, practices, and procedures outside Virginia. *Id.* The employees offered no specific evidence or specific allegations regarding practices in other offices, such as names of employees or supervisors, and there was no evidence that the problems alleged through first-hand knowledge in the two Virginia offices existed elsewhere. *Id.* Thus, the court held that conditional certification was not appropriate. *Id.*

Here, Plaintiff has not produced sufficient evidence that CHS housing inspectors are similarity situated to him and thus conditional certification is not appropriate. First, a collective action here would not promote judicial efficiency as it would require several individualized inquiries into each potential plaintiff. CHS housing inspectors are located across fourteen states and provide services at over sixty-five (65) unique colleges and educational institutions. Each potential plaintiff would have unique claims and alleged damages based on their geographic location, their specific manager, and their specific work schedule and amount of required overtime. Specifically, this will require an extensive investigation into each potential plaintiff to determine FLSA coverage based on that facts as they contain to that individual.

Second, based on the evidence presented, it is evident that each potential plaintiff's work varied across each CHS location. The mere nature of the housing inspectors work, which as alleged by Plaintiff includes conducting monthly inspections, move-in and move out inspections, and contract work such as painting, cleaning, and repairs, [DE 16, p. 2-3], is highly dependent on a number of inconsistent factors across each CHS location and each individual housing inspector including, but not limited to, the time of year, number of campuses serviced, number of apartment complexes inspected, quality and age of the buildings, and number of student residents.

Third, Plaintiff has failed to present any evidence aside from his own mere conclusory allegations that he and the potential plaintiffs are similarly situated. Plaintiff supports his motion for conditional certification stating that he knows it to be true that he and other housing inspectors were similarly situated. However, his claim lacks supporting evidence. CHS provides services to only one education institution in North Carolina and Plaintiff has provided insufficient evidence that other potential plaintiffs outside North Carolina are similarly situated to him. Plaintiff offered only one declaration, his own, which contains only a vague reference to conversations Plaintiff allegedly had with five CHS Housing Directors in other locations who allegedly confirmed that all fulltime CHS housing inspectors worked similar hours and worked similar job duties. [DE 16-1, p. 3]. His declaration also includes conclusory allegations that based on his own observations he knows the same to be true. [DE 16-1, p. 3]. Based on this evidence presented, it is apparent that Plaintiff has not even spoken with other CHS housing inspectors but rather has only spoken with Housing Directors. Plaintiff has provided no specific evidence the other potential plaintiffs worked in a similar manner as he alleges he did. Therefore, Plaintiff has presented insufficient evidence to make conditional certification appropriate as there is no evidence in the record that Plaintiff and the potential plaintiffs were similarly situated.

## **CONCLUSION**

Conditional certification of a collective action in this case would not promote judicial efficiency based on the necessity of individualized factual inquiries across multiple geographic locations throughout the country in offices run by different managers and the site specific nature of each potential plaintiff's work. Further, conditional certification is inappropriate because Plaintiff has not met his burden of showing that similarly situated individuals exist who should be notified about the existence of this action as he has presented nothing more than mere conclusory

allegations as to the potential existence of other similarly situated individuals outside North Carolina. Therefore, Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice under 29 U.S.C. § 216(b) should be DENIED.

This the 7th day of July, 2017.

                          CRANFILL SUMNER & HARTZOG LLP

By:     /s/ **Patrick H. Flanagan**
        PATRICK H. FLANAGAN, N.C. State Bar No. 17407
        MEREDITH A. FITZGIBBON, N.C. State Bar No. 50703
        Attorneys for Defendant
        Post Office Box 30787
        Charlotte, North Carolina 28230
        Telephone: (704) 332-8300
        Facsimile: (704) 332-9944
        phf@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day filed the attached **Defendant's Response to Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice under 29 U.S.C. § 216(b)** with the Clerk of Court using the CM/ECF system, which shall deliver a copy of the same to counsel of record addressed as follows:

Phillip J. Gibbons
pgibbons@stephanzouras.com

Ryan F. Stephen
Rstephan@stephanzouras.com

James B. Zouras
Jzouras@stephanzouras.com

Andrew C. Ficzko
Aficzko@stephanzouras.com


This the 7th day of July, 2017.

                CRANFILL SUMNER & HARTZOG LLP

By:     /s/ Patrick H. Flanagan_____
        PATRICK H. FLANAGAN, N.C. State Bar No. 17407
        MEREDITH A. FITZGIBBON, N.C. State Bar No. 50703
        Attorneys for Defendant
        Post Office Box 30787
        Charlotte, North Carolina 28230
        Telephone: (704) 332-8300
        Facsimile: (704) 332-9944
        phf@cshlaw.com