UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00057-RJC-DCK

| | |
|---|---|
| GREG DEARMAN on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>COLLEGIATE HOUSING )<br>SERVICES, INC., )<br>)<br>Defendant. )<br>_____ ) | <u>ORDER</u> |

**THIS MATTER** comes before the Court on Greg Dearman's ("Plaintiff") Motion to Certify Class Conditionally as a Collective Action and Facilitate Notice Under Section 216(b) of the Fair Labor Standards Act, ("Motion to Conditionally Certify"), (Doc. No. 15); his memorandum in support, (Doc. No. 16); Collegiate Housing Services, Inc.'s ("Defendant") Response, (Doc. No. 17); and Plaintiff's Reply,(Doc. No. 18). Plaintiff's motion is ripe and ready for adjudication.

I.  BACKGROUND

Defendant, a foreign corporation registered to do business in North Carolina, provides and manages student housing to educational facilities across 20 states. (Doc. No. 16 at 2). Defendant employed Plaintiff as an inspector from August, 2010 to March 2017. (Doc. No. 1 ¶ 3). As a housing inspector, Plaintiff inspected student housing units to ensure compliance with Defendant's internal rules and regulations.

(Id. ¶ 15). These duties included monthly inspections of residences, move-in and move-out inspections, and inspections of contracted work on units, such as painting, repairs, or cleaning. (Doc. No. 16 at 2–3). Plaintiff was also required to be "on-call" during evenings to answer emergency telephone calls. (Doc. No. 1 ¶ 22). Since he began working for Defendant, Plaintiff claims to have regularly worked in excess of 40 hours a week. (Id. ¶ 18). Originally, Plaintiff did not record his hours of work because Defendant paid him on a salary basis. (Id. ¶¶ 17, 20). However, in late 2016, Defendant began paying inspectors like Plaintiff on an hourly basis. (Id. ¶ 17).

Plaintiff filed suit before this Court on March 17, 2017. (Doc. No. 1). In his Complaint, Plaintiff alleges that, since converting his pay to an hourly basis, Defendant implemented a "no overtime" rule for inspectors. (Id. ¶ 21). Defendant implemented this rule, Plaintiff states, without reducing the duties and responsibilities for inspectors, even though Defendant was aware that inspectors worked in excess of 40 hours a week. (Id. ¶¶ 21–22). Plaintiff states that he continued to work throughout his evenings, weekends, and scheduled meal breaks due to the expectations Defendant placed on him. (Id. ¶¶ 22–24). As a result, Plaintiff's Complaint alleges a Section 216(b) The Fair Labor Standards Act ("FLSA") claim on behalf of himself and those housing inspectors similarly situated. (Id. ¶ 27). Plaintiff seeks redress for Defendant's allegedly willful refrain from paying overtime wages for housing inspectors. (Id. ¶ 31).

To support his claim, Plaintiff argues that other housing inspectors working for Defendant experienced similar working conditions across multiple states. (Doc.

No. 16 at 4). All housing inspectors perform the same basic duties and regularly worked over 40 hours a week, Plaintiff states. (Doc. No. 1 ¶¶33–34). Plaintiff alleges that due to Defendant's centralized "no-overtime" policy, all housing inspectors were therefore damaged. Plaintiff now asks the Court to conditionally certify a collective action so that notice may be facilitated pursuant to the FLSA and potential plaintiffs can receive the chance to "opt in" to the current action. (Doc. No. 16).

## II. FLSA CONDITIONAL CERTIFICATION STANDARD

The FLSA, 29 U.S.C. § 201 et seq., "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct." Houston v. URS Corp., 591 F.Supp.2d 827, 831 (E.D.Va. 2008). The FLSA allows a plaintiff alleging a violation of the statute to bring suit on his own behalf or on behalf of other employees who are similarly situated. 29 U.S.C. § 216(b). Section 216(b) of the FLSA expressly provides for the procedure for collective actions as follows:

> An action to recover the liability prescribed [under the FLSA] may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id. Thus, there are two general requirements for the certification of a FLSA collective action: (1) the members of the proposed class must be "similarly situated," and (2) the class members must "opt-in" by filing their consent to suit. Id.; see also Romero v. Mountaire Farms, Inc., 796 F.Supp.2d 700, 705 (E.D.N.C. 2011).

The term "similarly situated" is not defined in the FLSA and the Fourth Circuit has not provided guidance on how "similarly situated" requirement of § 216(b) should

be applied. Holland v. Fulenwider Enterprises, Inc., No. 1:17-CV-48, 2018 WL 700801, at *2 (W.D.N.C. Feb. 2, 2018). However, federal district courts in the Fourth Circuit typically follow a two-step approach when deciding whether the named plaintiffs are similarly situated to potential plaintiffs for the purposes of certifying the collective action. See, e.g., Butler v. DirectSAT USA, LLC, 876 F.Supp.2d 560, 566 (D.Md. 2012); Romero, 796 F.Supp.2d at 705; Choimbol v. Fairfield Resorts, Inc., 475 F.Supp.2d 557, 562–63 (E.D.Va. 2006).

At the first stage, the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court. Romero, 796 F.Supp.2d at 705. "Consistent with the underlying purpose of the FLSA's collective action procedure, this initial inquiry proceeds under a 'fairly lenient standard' and requires only 'minimal evidence.' " Id. (quoting Choimbol, 475 F.Supp.2d at 562); see also Romero, 796 F.Supp.2d at 705 ("The standard for conditional certification is fairly lenient and requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.") (quotation omitted). The primary focus in this inquiry is whether the potential plaintiffs are "similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." De Luna–Guerrero v. The North Carolina Grower's Assoc., 338 F.Supp.2d 649, 654 (E.D.N.C.2004) (quoting Ellen C. Kearns, The Fair Labor Standards Act, § 18.IV.D.3, at 1167 (1999)). Once conditionally certified, the court may authorize plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in. Romero,

796 F.Supp.2d at 705.

After discovery is virtually complete, and if the defendant files a motion for decertification, the court proceeds to stage two. Choimbol, 475 F.Supp.2d at 563. At this stage of the litigation, courts apply a heightened, more fact-specific standard to the "similarly situated" analysis. Id. Once plaintiffs establish the burden of proving that they are "similarly situated," the collective action may proceed to trial. Id. Otherwise, if the court determines that the plaintiffs are *not* "similarly situated," the class is decertified. Id. The original plaintiffs may then proceed on their individual claims. Id.

## III. DISCUSSION

Plaintiff submits a single declaration—his own—to support his claim that potential plaintiffs are similarly situated under the notice stage of this FLSA claim. In his declaration, Plaintiff asserts that: (1) Defendant classified housing inspectors as "Exempt" from FLSA overtime requirements when Defendant paid housing inspectors on a salary basis; (2) in November of 2016, Defendant converted payment of housing inspectors to an hourly basis; (3) Defendant did not change housing inspectors' duties when it converted their payment method, but it did implement a centralized "no overtime" rule; (4) Defendant did not accurately track the hours worked by housing inspectors; (5) Plaintiff has worked in excess of 40 hours a week despite Defendant formally scheduling Plaintiff for 40 hour work weeks; and (6) five Defendant Housing Directors from other locations confirmed to Plaintiff that that all fulltime Defendant housing inspectors worked similar hours and performed similar duties to Plaintiff. (Doc. No. 16-1 at 2–3).

Defendant states that Plaintiff has failed to meet the relatively low burden of establishing similarly situated potential plaintiffs. Defendants argue that Plaintiff must present more than a single declaration filled with conclusory allegations. (Doc. No. 17 at 5). Defendant also claims that Plaintiff's proposed class would endanger judicial efficiency because individual inquiries would arise by the unique nature of each campus location across fourteen states, all with specific managers, work schedules, and amount of required overtime. (Id. at 4). Furthermore, Defendant states that each housing inspector's duties would fluctuate depending on different circumstances such as the time of year, number of campuses serviced, number of apartments inspected. (Id.).

The Court turns first to the sufficiency of Plaintiff's single declaration. At least one court has found that a plaintiff's lone affidavit sufficed to survive the notice stage of the "similarly situated" inquiry. In Williams v. ezStorage Corp., the defendant challenged a plaintiff's motion for conditional classification on the basis that plaintiff merely asserted one affidavit. No. CIV.A. RDB-10-3335, 2011 WL 1539941, at *3 (D. Md. Apr. 21, 2011). The Court found that, "[w]ith regard to the single affidavit, … its allegations, when combined with the ezStorage operations manual and the stipulation that all Residential and Relief Managers are subject to the same pay and work policies, is sufficient to meet the Plaintiffs' burden." Id. Here, Defendant fails to combat Plaintiff's assertion that all housing inspectors are subject to the same payment policy. Nor does Defendant challenge Plaintiff's allegations that housing inspectors shifted from salary to hourly pay while maintaining the same duties.

Furthermore, in the declaration, Plaintiff attests to conversations with five Housing Directors who had knowledge of Housing Inspector duties in other locations crossing state lines. (Doc. No. 16-1 at 3). These Housing Directors conveyed working conditions in Massachusetts, Pennsylvania, Georgia, Florida and Ohio. (Id.).

The Court recognizes that it is not enough to merely point to common job titles and a uniform classification to properly support a showing that potential plaintiffs are all similarly situated. In re Family Dollar FLSA Litig., No. 3:08MD1932-GCM, 2014 WL 1091356, at *2 (W.D.N.C. Mar. 18, 2014). After all, employees with the same job titles do not necessarily do the same work. Id. So, some workers under the same job title might fall into an exempt status from the FLSA's overtime requirement while others do not by virtue of completing different duties. Id. at *3.

Defendant, however, does not seem to argue that the differing roles of housing inspectors as alleged by Plaintiff would change their exemption status under the FLSA. Nor does Defendant argue that housing inspectors do more than what Plaintiff alleges: inspections of residences, inspections of contractor work, and remaining on-call during evenings. When such a question is not implicated, this Court has deferred factual inquiries of differences between specific duties to the second stage of decertification. See Long v. CPI Sec. Sys., Inc., 292 F.R.D. 296, 303 (W.D.N.C. 2013) (finding a fact-intensive inquiry as to the difference between installing, servicing, and repairing security systems "inappropriate at the notice stage, as Plaintiff is seeking only conditional certification.").

To support its argument, Defendant cites to Bernard v. Household Int'l, Inc.,

231 F. Supp. 2d 433 (E.D. Va. 2002), and Syrja v. Westat, Inc., 756 F. Supp. 2d 682 (D. Md. 2010). (Doc. No. 17 at 3). Defendant uses these cases for the proposition that "conclusory allegations are insufficient to make the required showing of commonality even under the relatively modest standard articulated for conditional certification." (Id.). Here, the Court finds that these cases differ from the facts at hand.

In Syrja, the plaintiff sought to conditionally certify a class of field interviewers. 756 F. Supp. 2d at 685. The Court, however, found individualized inquiries where field interviewers set their own schedules and their case assignments varied drastically from manager to manager. Id. at 687. Additionally, the Court noted that the plaintiff failed to prove that the defendant maintained a uniform national policy in denying workers overtime payment. Id. at 687–88. Here, Defendant does not contest that housing inspectors generally perform the same duties that Plaintiff described. At most, Defendant seems to argue that the time of year and amount of complexes an inspector oversees would fluctuate the amount—not type—of work that is being performed. Nor does Defendant combat the assertion that it asserts a national policy against paying overtime.

Similar to Syrja, Bernard also fails to help Defendant in light of the current facts. There, the Court declined to conditionally certify class when plaintiff failed to prove "a company-wide policy resulting in potential FLSA violations." 231 F. Supp. 2d at 435. Again, Plaintiff's declaration attesting to a centralized policy, and Defendant's failure to disagree that such a policy exists, sufficiently differentiates the case at hand from Bernard. There was the *lack* of a centralize policy that led the

Court to declare that other potential plaintiffs were not proven to be similarly situated as the plaintiff. Id. at 435–36.

## IV. CONCLUSION

While Defendant raises valid concerns regarding the certification of Plaintiff's purported class, those concerns are better addressed in the later stages of this litigation under a more fact-intensive inquiry. For now, Plaintiffs have met the lenient standard of providing minimal evidence to prove that potential plaintiffs are similarly situated.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Certify Class Conditionally as a Collective Action and Facilitate Notice under 29 U.S.C. Section 216(b), (Doc. No. 15), is **GRANTED**.

Signed: March 29, 2018

Robert J. Conrad, Jr.
United States District Judge